Edward G. Baker, J.
Motion to review the determination of respondent rejecting report of lease and fixing maximum rent.
A prior tenant of the premises entered into a lease for a term commencing March 1, 1955 and terminating February 28, 1957. This lease provided for an increase of 15% in the maximum rent. Eleven months after the commencement of the term, the prior tenant having vacated, the landlord and the present tenant entered into a lease which provided that the rent for the unit for the unexpired 3 3 months of the original lease remain at $69.70 a month and that, thereafter, this rent be increased by *628 15% to $80.15 a month for the subsequent two years of the term. A copy of the lease was filed with the Rent Administrator and thereafter the local rent administrator instituted a proceeding to reject the lease on the ground that “it appears that requirements of amendment No. 53 'have not been met, in that twelve months of the lease negotiated with tenant, Gordon (vacated), had not expired when lease with tenant, Nusbaum, was signed, and that rent therefore should be $69.70. ’ ’ Petitioner objected to the proceeding on the ground that, at most, there was only a technical failure to comply with the regulation and that the proceeding should be discontinued.
The local rent administrator rejected the lease for failure to meet the requirements of amendment No. 53 of the State Rent and Eviction Regulations and fixed the maximum rent at $69.70 a month. Petitioner filed a protest which was denied, respondent holding that “.since only eleven months of the term of the previous lease had expired when the present lease went into effect, no increase in maximum rent is warranted on the basis of the current lease.”
Prior to amendment No. 47 of the State Rent and Eviction Regulations, subdivision 2 of section 33 thereof provided, in substance, that where the landlord and tenant voluntarily entered into a valid written lease in good faith which provided for an increase in the maximum rent then in effect, the rent therein reserved should thereafter be the maximum rent, and might not thereafter be increased by a subsequent lease except (a) where the rent reserved in the subsequent lease did not result in an increase of more than 15% over the maximum rent in effect prior to the execution of the original lease, or, (b) where, after the expiration of the term of such lease, or where such lease was terminated after the expiration of the first 2 years of its term, a new written lease for a term not less than 2 years, and providing for an increase of not more than 15% over the maximum rent then in effect might be entered into between the landlord and tenant. By amendment No. 47, effective December 15, 1955, paragraph (c) was added to subdivision 2 of section 33. It was therein provided, that where a lease terminated on or after December 15, 1955, or after the expiration of 22 months of its term, a new lease might be entered into for the remainder of the first 2 years of the original lease, plus 2 years, and providing for an increase, commencing with the expiration of the first 2 years of the original lease, not in excess of 15% over the maximum rent then in effect. By amendment No. 53, effective April 16, 1956, said section and subdivision were further amended by a provision permitting execution of a further lease for the unex *629 pired term, plus 2 years, after the expiration of 12 months of the terminated lease instead of 22 months as provided by amendment No. 47.
At the time of promulgating amendment No. 47, the commission issued a statement of consideration for the amendment which stated that said amendment was for the purpose of preventing a tenant in need of housing accommodations being compelled to sign a long-term lease which also increased his maximum rent. The statement of consideration accompanying the promulgation of amendment No. 53 recites that the commission considered that where a lease had only a year left and the accommodations were vacated, the danger of collusive agreements between a landlord and a tenant about to remove from the premises was absent, that the provision allowing new leases to be executed only after 22. months of the previous lease had expired was too severe and, therefore, the 22-month period was decreased to 12 months.
Respondent contends that this is a reasonable regulation and that the line had to be drawn somewhere with respect to new leases which included the unexpired period of a terminated lease. However, as stated by respondent, the main purpose of the amendments was to prevent collusive agreements. Respondent does not object to bona fide leases made in good faith between a landlord and tenant, but under the section as amended, the landlord is prohibited from entering into a valid lease for the unexpired term of a lease of a vacated apartment and for a further term at an increased rent, unless and until one year of the previous lease has expired.
Clearly, circumstances beyond their control may make it necessary or expedient for tenants to negotiate with their landlords for the termination of leases prior to the expiration of their terms. To prevent landlords from releasing tenants so compelled to vacate, interferes with free and ordinary renting processes, penalizes the tenants compelled to move by requiring them to pay rent for housing accommodations which they are unable to use, prevents new tenants desiring to lease apartments from so doing, and benefits no one. Furthermore, the trend of rent control legislation is to return housing accommodations to an open rental market, and to permit landlords and tenants to work out valid agreements in good faith. To that end section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd.), defining the general powers and duties of the commission, provides under paragraph (a) of subdivision 4 thereof that the commission may from time to time adopt, promulgate, amend or rescind its rules, regulations and orders to effectuate the pur *630 poses of the act, provided that such regulations shall be designed to maintain a system of rent controls which are generally fair and equitable and which will provide for an orderly transition from and termination of emergency controls.
The requirement of amendment No. 53, insofar as it prevents a landlord and tenant from voluntarily entering into a lease in good faith at an increased rent where the previous terminated lease had more than a year to run, is arbitrary and unreasonable and not in keeping with the legislative intent as expressed in subdivision 4 (par. [a]) of section 4 of the rent laws. It is neither reasonable nor necessary to require that a landlord maintain a vacant apartment for a period up to 12 months before entering into a lease with a new tenant desiring a long-term lease. In the instant case, the landlord need have kept the apartment vacant for only one month before consummating the new lease in order to comply with the requirement of amendment No. 53; but other instances might require landlords to maintain vacant apartments up to 12 months in order to comply with the regulation.
Since a continuing housing shortage is said to be the basis for continued rent control, it should not be required that housing-accommodations be kept vacant for any period of time so long as there are those who desire to rent them.
The regulation is far broader than is necessary for the accomplishment of its purpose as expressed by the commission, to wit, to prevent automatic increases by collusive agreements and to compel tenants to accept long-term leases at increased rents. It arbitrarily fixes a time prior to which the landlord and tenant are prohibited from freely negotiating a lease in good faith on terms agreed upon. Respondent rejected the lease solely on the ground that it did not meet the requirements of subdivision 2 of section 33 of the regulations, as amended by amendment No. 53. No inquiry was made as to whether the agreement was in fact collusive, or otherwise violative of the spirit and purposes of the rent laws. For these reasons, the proceeding will be remanded to respondent to permit such further proceedings as may be deemed advisable and to take such testimony as the parties may offer to the end that a determination may be made by respondent as to whether the instant lease was made voluntarily in good faith.
While the court is without power to promulgate rent regulations, it is suggested that an amendment to subdivision 2 of section 33 might be enacted as to leases which cover a period of an unexpired term and a 2-year term thereafter, which would provide for inquiry by the commission into the bona fides of the *631 parties, and any other question concerning same. It would not be unreasonable to require that the landlord, upon any such inquiry, assume the burden of establishing good faith.
Since, as has been pointed out above, subdivision 2 of section 33 of the regulations as amended is arbitrary and unreasonable, the determination of respondent rejecting the lease is also arbitrary and unreasonable. The matter is remanded to respondent to take such proceedings as may be deemed advisable not inconsistent with the opinions expressed herein.
Settle order on notice.